**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23 CR 562 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON N. CRITES, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Petitioner, Brandon Crites' ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #49). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #56). Petitioner did not file a timely reply.

I. Procedural History

On October 19, 2023, a federal grand jury in the Northern District of Ohio returned a two-count, Indictment alleging on count of Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §2252(a)(2), and one count of Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5)(B). (ECF #1). On April 29, 2024, Mr. Crites pled guilty to the indictment without a plea agreement. (ECF #24). The Pre-sentence report showed that the base offense level for his offenses was a 22, with an additional fifteen points for specific offense characteristics, for a total offense level of 37.

One of the specific offense characteristics that is challenged by Mr. Crites is a two point addition for use of a computer. (ECF #24, PageID 507). Mr. Crites received a three point reduction for acceptance of responsibility. (ECF #24, PageID 507). He was a criminal history category one, with no prior criminal history. (ECF #24, PageID 508). This would have resulted in a sentencing range of 151-188 months. Mr. Crites' attorney effectively argued against a potential enhancement, and in favor of varying downward to a lower sentencing range, citing multiple factors specific to his case, including: his past military service; his acts of heroism during his service; his service related traumatic brain injury; and, a disparity in the sentencing range calculated compared to average sentences for like conduct. Based on counsel's arguments, the Court made a total finding of an offense level 30, and a criminal history one, resulting in a range of 97-121 months. (ECF #48, PageID 1112-13).

Mr. Crites was sentenced to 110 months of imprisonment on each count, to run concurrently. He is also subject to five years of supervised release. As part of his sentence, Mr. Crites was ordered to pay: (1) a $5,000 assessment under the Justice for Victims of Trafficking Act ("JVTA") for each count, for a total of $10,000; (2) a $1000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act; and, (3) $36,000 in restitution to identified individual victims. (ECF #37). Mr. Crites now claims that his attorney was ineffective for failing to argue against the two point offense adjustment for use of a computer, and for failing to argue indigency to avoid imposition of the $10,000 assessment under the JVTA. (ECF #49).

II. Legal Standard

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

2

§2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). Relief cannot be granted for alleged errors that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

III. Grounds

    A. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*,

3

466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

When reviewing allegations of ineffective assistance, effectiveness should be measured by "prevailing professional norms, " not best practices or most common custom. *See, Harrington v. Richter,* 562 U.S. 86, 105 (2011)(quoting *Strickland,* 466 U.S. at 690)*; see, also, Rompilla v. Beard,* 545 U.S. 374, 380 (2005). The court's inquiry must consider the circumstances and perspectives of counsel at the time of the alleged error, and should not take place in a vacuum or with the benefit of hindsight. *See, Strickland,* 466 U.S. at 688-89. Judicial scrutiny of counsel's performance "must be highly deferential," indulging "a strong presumption that counsel's conduct falls withing the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Courts should not second guess strategical decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander,* 11 F.3d 1349, 1353-54 (6th Cir. 1993).

"The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac,* 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw,* 657 F.3d 293, 321-22 (6th Cir. 2011).

In order to establish that an attorney's representation was deficient, a petitioner must

4

identify specific acts or omissions which he claims rose to the level of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. The petitioner must then show that these acts or omissions caused counsel's representation to fall "below an objective standard of reasonableness." *Id.* at 687-88. The prosecution has no duty to prove that defense counsel's strategy was actually reasonable, rather the petitioner bears the burden of proving that the presumption is not warranted. *Id.* at 690.

In addition to proving deficiency, a defendant also has to show that his counsel's errors prejudiced the outcome of his case. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. It is insufficient to show that counsel's errors had "some conceivable effect on the outcome of the proceeding," rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Sixth Circuit has defined "reasonable probability" as that level of certainty which would lead the court to believe that the defendant lost "what he otherwise probably would have won," or "that defeat was snatched from the hands of probable victory." *United States v. Morrown*, 977 F.2d 222, 229 (6th cir. 1992).

1.     Failure to Argue Against Imposition of a Two Point Adjustment for Use of a Computer

Mr. Crites' attorney provided representation that more than meets the objective standard of reasonableness. Although counsel did not argue for removal of the two point adjustment for

5

use of a computer, they did object to a different four point enhancement in their sentencing memorandum, and effectively argued for a four point reduction to the offense level based on Mr. Crites individual character and background.   Further, Mr. Crites admittedly qualified for the two point adjustment for use of a computer as there was no dispute that the child pornography in his possession was stored on and distributed by means of his computer.   Counsel cannot be ineffective for not raising a claim that meritless under current law. *Tackett v. Trierweller,* 956 F.3d 358, 375 (6th Cir. 2020).   Mr. Crites argues that, though meritless on its face, other defendants have gotten courts to reduce or eliminate the "use of computer" adjustment because child pornography, in this day and age, is nearly exclusively distributed and viewed on computers.  The Sixth Circuit, however, has not accepted this argument. *See, e.g., United States v. Holland,* 799 Fed. Appx. 380, 385 (6th Cir. 2020).  Under Sixth Circuit law, the enhancement clearly applies and Mr. Crites' counsel was not deficient for failing to challenge its employment in the calculation of his offense level.

For much the same reason, Mr. Crites cannot show that the failure to challenge the "use of computer" adjustment prejudiced his case.  He admittedly used a computer in the distribution and possession of child pornography, therefore, the enhancement would have applied regardless of any objection. This Court is bound by the Sixth Circuit's holding that the frequency of computer use in relation to this crime does not preclude application of the "use of computer" two point upward adjustment. *Id.*  Thus, the argument advanced by Mr. Crites, had no reasonable probability of changing the outcome of his sentencing proceedings.  In fact, his attorney's strategic decision to focus more on Mr. Crites personal characteristics and history was much more effective, leading the Court to reduce Mr. Crites' offense level by four levels.  Thus, Mr.

Crites' claim of ineffective assistance of counsel fails as his counsel was not deficient, and the failure to object to the two point adjustment of "use of computer" had no prejudicial effect on the outcome of the proceedings.

### 2. Failure to Object to the Justice for Victims of Trafficking Act Assessment

Mr. Crites' second claim also fails to establish any grounds for relief under 28 U.S.C. §2255. His attorney was not deficient for failing to challenge the imposition of the assessment because the objection would have been without merit. As previously stated, counsel is not required to make a meritless argument to avoid a charge of ineffective assistance of counsel. *See, generally, Tackett v. Trierweller,* 956 F.3d 358, 375 (6th Cir. 2020). The JVTA is generally a mandatory assessment, but, it cannot be assessed if the defendant is indigent. 18 U.S.C. §3014(a); *United States v. Goodin,* 815 Fed. Appx. 860, 868 (6th Cir. 2020). In the Sixth Circuit, indigency for purposes of the JVTA assessment is determined by looking at a defendant's current and future ability to pay the assessment. *Id.* Future ability "includes both potential in-prison and post-release indigency." *Id.,* (citing *United states v. Wandahsega,* 924 F.3d 868, 889 (6th Cir. 2019)). The JVTA gives defendants twenty years after release to pay the assessment, so potential future earnings can override a current inability to pay. *See, generally, Id.*

In this case, during the underlying proceedings, Mr. Crites had used his own funds to hire an attorney; had a positive cash flow of $3,946; was receiving disability income due to a disability incurred during his military service; and was able to perform the duties of a police officer despite these disabilities. He had positive equity in his house, and his monthly expenses were less than half of his income while he was employed. Although his debts exceeded his assets, his future earing potential is promising. Mr. Crites has a background as a police officer,

and has military experience.  He will still be of working age when he has completed his sentence. His crimes do not involve theft or violence which could create a more significant barrier to employment post-incarceration.  He has a high school diploma and he completed nearly four years of college.  He also has no reported issue with addiction or substance abuse.

Based on the equity in his home, and his future earning potential, Mr. Crites would not be considerd indigent for purposes of a JVTA assessment.  Further, even if he could have argued against imposition of the assessment, counsel may have made a strategic decision not to challenge the restitution or the assessments in order to show Mr. Crites' as remorseful and willing to accept responsibility by accepting the assessment as a means of additional restitution to those victims who remained unidentified.   Deciding not to challenge the assessment was not deficient or objectively unreasonable under the circumstances.

Further, at the time of sentencing, the Court was well aware of the JVTA's exception for indigency, and was well aware of Mr. Crites' financial situation.  His financial circumstances were outline in the pre-sentence report and had been reviewed by the Court.  The Court balanced that information with its understanding of Mr. Crites' potential for future earning potential, and determined that imposition of the JVTA assessment was warranted.   An objection by Mr. Crites' attorney was not likely to change this assessment.  Thus, there was no reasonable probability that but for the lack of objection, the assessment would not have been ordered.  Mr. Crites' claim of ineffective assistance of counsel fails as his counsel was not deficient, and the failure to object to the imposition of the JVTA assessment had no prejudicial effect on the outcome of the proceedings.

## IV. Conclusion

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  As Mr. Crites has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence, on any grounds, his claim is DENIED.

## V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

9

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #49) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _____

10