**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                                   |   |                                  |
|-----------------------------------|---|----------------------------------|
| UNITED STATES OF AMERICA,         | ) | CASE NO.     1:23 CR 562         |
|                                   | ) |                                  |
| Plaintiff,                        | ) | JUDGE DONALD C. NUGENT           |
|                                   | ) |                                  |
| v.                                | ) |                                  |
|                                   | ) |                                  |
| BRANDON N. CRITES,                | ) | MEMORANDUM OPINION               |
|                                   | ) | AND ORDER                        |
| Defendant.                        | ) |                                  |

This matter comes before the Court upon Petitioner, Brandon Crites' ("Petitioner's") Motion to Reconsider (ECF #61), filed along with his delayed Reply in response to the Government's opposition to his prior motion pursuant to 28 U.S.C. § 2255. (ECF #64)

On April 29, 2024, Mr. Crites pled guilty, without a plea agreement, to one count of Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §2252(a)(2), and one count of Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5)(B). (ECF #24). He received a two point addition for use of a computer, and was sentenced to 110 months of imprisonment on each count, to run concurrently. As part of his sentence, he was ordered to pay: (1) a $5,000 assessment under the Justice for Victims of Trafficking Act ("JVTA") for each count, for a total of $10,000. (ECF #37). In his §2255 motion, Mr. Crites argued that his attorney was ineffective for failing to argue against the two point offense adjustment for use of a computer, and for failing to argue

indigency to avoid imposition of the $10,000 assessment under the JVTA.  (ECF #49).   The Court addressed both of these arguments, in detail, in its opinion denying that motion.  (ECF #59).

After reviewing Mr. Crites' Motion for Reconsideration and his Reply, the Court finds that there is no reason to reconsider or otherwise alter the decision denying his §2255 motion. The Reply raised no new facts or arguments that were not fully briefed prior to the issuance of the Court's prior opinion.  Further, both issues were addressed fully in that opinion.  (ECF #59). Neither the facts nor the law applicable to this case supports Mr. Crites' arguments, and there is no reason to alter the Court's decision to deny relief under §2255.  Mr. Crites has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence, on any grounds.  For these reasons, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and, therefore, declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion for Reconsideration is DENIED.  (ECF #61).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _July 7, 2026_